**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**Civil Case Number:** _____

| | |
|---|---|
| Gina Thomas, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| Capital One Bank (USA) N.A., | : |
| | : |
| Defendant. | : |
| | : |
| | : |

## COMPLAINT

For this Complaint, the Plaintiff, Gina Thomas, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone

Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant

transacts business in this District and a substantial portion of the acts giving rise to this action

occurred in this District.

## PARTIES

3.      Plaintiff, Gina Thomas ("Plaintiff"), is an adult individual residing in Tampa,

Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant Capital One Bank (USA) N.A. ("Capital One"), is a Virginia business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.      Within the last year, Capital One began calling Plaintiff's cellular telephone, number 813-xxx-9544, using an automatic telephone dialing system ("ATDS").

6.      When Plaintiff answered calls from Capital One, she heard silence and had to wait on the line before she was connected to the next available representative.

7.      On or about June 17, 2019, Plaintiff spoke with a live representative and requested Capital One cease placing calls to her.

8.      Nevertheless, Capital One continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

9.      Plaintiff incorporates by reference Paragraphs 1 through 8 of this Complaint as though fully stated herein.

10.     At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

11.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been

abandoned." *Id*.

12.      Defendant's telephone system(s) have some earmarks of a predictive dialer.

13.      When Plaintiff answered calls from Defendant, she heard silence before

Defendant's telephone system would connect her to the next available representative.

14.      Defendant's predictive dialers have the capacity to store or produce telephone

numbers to be called, using a random or sequential number generator.

15.      Defendant placed automated calls to Plaintiff's cellular telephone number despite

knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in

knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47

U.S.C. § 227(b)(3)(C).

16.      The telephone number called by Defendant was and is assigned to a cellular

telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

17.      Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued

calls.

18.      The calls from Defendant to Plaintiff were not placed for "emergency purposes"

as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.      Plaintiff is entitled to an award of $500.00 in statutory damages for each call in

violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     As a result of each call made in knowing and/or willful violation of the TCPA,

Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47

U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A.  Statutory damages of $500.00 for each violation determined to be negligent

   pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing

   pursuant to 47 U.S.C. § 227(b)(3)(C); and

C.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 11, 2019

Respectfully submitted,

/s/ Matthew Fornaro

Matthew Fornaro, Esq.
Florida Bar No. 0650641
Matthew Fornaro, P.A.
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (954) 324-3651
Facsimile: (954) 248-2099
E-mail: mfornaro@fornarolegal.com

Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424